UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-20093-CIV-MORENO

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, P.A.,

      Plaintiff,

vs.

VINARDELL POWER SYSTEMS, INC.,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS AND STRIKING JURY DEMAND

THIS CAUSE came before the Court upon Plaintiff's Motion to Dismiss Counts II and III and Motion to Strike Jury Demand of Counterclaim (**D.E. 17**), filed on **March 7, 2019**. The Court has considered the motion, the response, the reply, the pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons below, Plaintiff's motion is GRANTED. Accordingly, Defendant's second and third claims in its counterclaim are DISMISSED, and Defendant's demand for a jury trial, in that same counterclaim, is STRICKEN.

## I. BACKGROUND

Plaintiff National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") initiated the instant lawsuit seeking a declaratory judgment regarding whether certain equipment damaged on the high seas was covered by an insurance policy existing between it and the Defendant Vinardell Power Systems, Inc. ("Vinardell"). National Union is an insurer licensed and regulated by the State of Florida, specifically, the Florida Department of Financial Services.

Vinardell, meanwhile, is an international distributor of electrical supplies headquartered in Miami, Florida. While Vinardell was transporting Siemens circuit breakers to a customer in El Salvador, the circuit breakers, for reasons unknown, were damaged en route. The parties now dispute whether these circuit breakers are covered by the relevant insurance policy.

In response to National Union's complaint for a declaratory judgment, Vinardell asserted three counterclaims, including (1) breach of contract (under the insurance policy), (2) bad faith (during attempts to settle under the insurance policy), and (3) breach of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (also under the insurance policy). Vinardell then demanded a jury trial to resolve all claims and counterclaims in the case. National Union subsequently moved to dismiss claims two and three, arguing that Florida law barred each claim. Specifically, it argued, Florida case law prohibited bad faith claims before resolution of an insured's claim for benefits owed under the insurance contract. As for count three, National Union argued that pursuant to section 501.212(4)(d), Florida Statutes (2019), entities governed by the Department of Financial Services, like National Union, are exempt from FDUTPA suits.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Standard

In reviewing a motion to dismiss, the Court must accept all factual allegations in the complaint as true, and construe those facts in a light most favorable to the plaintiff. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citation omitted) (quoting *Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986)). Furthermore, in that same vein, "[d]ismissal is . . . permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Glover*, 459 F.3d at 1308 (quoting *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

### B. Motion to Strike Standard

As for reviewing a motion to strike, a court may strike from the pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "'[A] motion to strike is a drastic remedy' . . . disfavored by the courts." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 698 (S.D. Fla. 2013) (quoting *Nash v. O.R. Colan Grp., LLC*, No. 12-60759, 2012 WL 4338817, at *1 (S.D. Fla. Sept. 20, 2012)).

### III. ANALYSIS

The Court agrees with National Union in full and grants its motion to dismiss claims two and three of the counterclaim, as well as motion to strike the demand for a jury trial.

### A. Motion to Dismiss Count Two

Just as National Union argues, Vinardell does not have standing, at the present time, to assert a claim for bad faith under section 624.155(1), Florida Statutes (2019).[1] By way of background, a claim for bad faith, much as its name would suggest, "'arises in situations where an insurer has breached its contractual duty of good faith[,]' such as failing to negotiate a settlement in good faith." *Fantecchi v. Hartford Ins. Co. of the Midwest*, No. 15-23969, 2015 WL 12516629, at *2 (S.D. Fla. Nov. 24, 2015) (alteration in original) (quoting *Continental Cas. Co. v. City of Jacksonville*, 550 F. Supp. 2d 1312, 1335 (M.D. Fla. 2007)). The right to assert a claim for bad faith in the insurance context arises solely under statutory law. *Id.*

---

[1] Section 624.155(1)(b)1. provides, in relevant part, a private cause of action whenever an insurer does "[n]ot attempt[] in good faith to settle claims when, under all circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." § 624.155(1)(b)1., Fla. Stat.

3

While statutory law provides for a claim of bad faith in Florida, there are limitations. As the Florida Supreme Court explained, "an insured's claim against an [insurance company] for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual . . . insurance benefits." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). The reason is that "[a]bsent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle." *Id.* This Court has repeatedly followed *Blanchard*.[2] *See, e.g., Aligned Bayshore Holdings, LLC v. Westchester Surplus Lines Ins. Co.*, No. 18-21692, 2018 WL 6448632, at *2 (S.D. Fla. Dec. 12, 2018) (citing *Blanchard* and holding a claim for bad faith can only be brought after a determination of liability and damages owed under the insurance contract); *Fantecchi*, 2015 WL 12516629, at *2 (similar).

Like in *Aligned Bayshore Holdings*, dismissal—not abatement as Vinardell would argue—"is appropriate for jurisdictional reasons . . . since this Court lacks jurisdiction over claims that are not yet ripe." *Aligned Bayshore Holdings*, 2018 WL 6448632, at *2. Vinardell seeks abatement of the claim as the preferred remedy because it "offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe." *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1271 (M.D. Fla. 2014). But concerns for judicial efficiency cannot trump "constitutional commands limiting the jurisdiction of federal courts." *Aligned Bayshore Holdings*, 2018 WL 6448632, at *2 (quoting *Evedon v. USAA Cas. Ins. Co.*,

---

[2] Vinardell erroneously argues that *Blanchard* only held that a claim for bad faith does not "necessarily" have to be brought alongside a claim for benefits under an insurance contract. The Florida Supreme Court, however, in that same case was clear: "an insured's underlying first-party action for insurance benefits against the insurer . . . must be resolved favorably to the insured *before* the cause of action for bad faith in settlement negotiations can accrue." *Blanchard*, 575 So. 2d at 1291 (emphasis added). The supreme court would thereafter continuously reaffirm its holding in *Blanchard* in numerous cases. *See e.g., Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1234 (Fla. 2006); *Imhof v. Nationwide Ins. Co.*, 643 So. 2d 617, 618 (Fla. 1994).

4

No. 15-22139, 2016 WL 4083013, at *2 (S.D. Fla. Jan. 19, 2016)).

Furthermore, as a basic matter, a litigant who has an unripe claim is not entitled to relief under the Federal Rules of Civil Procedure. As Rule 8(a)(2) provides, a party asserting a cause of action must write "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. Sept. 1, 2015); *Fantecchi*, 2015 WL 12516629, at *2.

### B. Motion to Dismiss Count Three

The Court also dismisses Vinardell's third claim based on the FDUTPA, as it is barred by the "insurance" exemption of section 501.212(4)(d). To establish a claim under the FDUTPA, a party must show: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *Galstaldi v. Sunvest Cmtys. USA, LLC*, 637 F. Supp. 2d 1045, 1056 (S.D. Fla. 2009).

Vinardell alleges that National Union violated the FDUTPA by "repeatedly making false representations to [Vinardell] as to the coverages provided and bases for declination of coverage." However, section 501.212(4)(d) creates an exemption from the FDUTPA for "[a]ny person or activity regulated under laws administered by . . . the Department of Financial Services." § 501.212(4)(d), Fla. Stat. As the first exhibit to the motion to dismiss demonstrates, National Union is an entity regulated by the Department of Financial Services.[3]

Even more specifically, the alleged wrongdoing by National Union here is in relation to the fraudulent sale of insurance, an activity that is also regulated by the Department of Financial Services.[4] Finding both the entity and activity regulated by the department, the Court dismisses

---

[3] Further, Vinardell does not dispute this fact in its response to the motion to dismiss.

[4] Florida courts resolve questions about the applicability of section 501.212(4)(d) "by looking to the activity which is the subject of the lawsuit, and whether that activity is subject to the regulatory authority of the Office of Insurance Regulation [i.e., the Department of Financial Services]." *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care*

claim three. *See Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1314 (M.D. Fla. 2017) (holding that "[b]ecause there is no dispute that American General is an insurance company as that term is defined under § 501.212(4)(d), there is no cause of action for violation of FDUTPA"); *see also Antoine v. State Farm Mut. Auto. Ins.*, 662 F. Supp. 2d 1318, 1326 (M.D. Fla. 2009) (dismissing an FDUTPA claim because "no cause of action may be maintained against [an insurance company] under the Florida Deceptive and Unfair Trade Practices Act").

### C. Motion to Strike Jury Demand

Finally, again for reasons that National Union argues, the Court strikes Vinardell's demand in its counterclaim for a jury trial. In admiralty cases proceeding under Federal Rule of Civil Procedure 9(h), a counterclaiming defendant is not entitled to a jury trial. *See* FED. R. CIV. P. 38(e) (providing for only a non-jury trial "on issues in a claim that is an admiralty or maritime claim under Rule 9(h)"). *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 (11th Cir. 2009), is on point. There, the Eleventh Circuit Court of Appeals held that "by electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." *Id.* at 1188 (quoting *Harrison v. Flora Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986 (5th Cir. 1978)). Underlying the Eleventh Circuit's reasoning was "the general rule that admiralty claims are to be tried without a jury." *Id.* (quoting *Harrison*, 577 F.2d at 986).

Here, National Union has only proceeded by way of Rule 9(h) in its complaint, and so Vinardell is not entitled to a jury trial. *See Carnival Corp. v. Stankovic*, No. 16-Civ-20353, 2016 WL 9274718, at *1 (S.D. Fla. Dec. 12, 2016) ("The well-settled rule in the Eleventh Circuit is that a defendant normally has no right to a jury trial where plaintiff has proceeded with an

---

*Ctr. Inc.*, 427 F. App'x 714, 723 (11th Cir. 2011), *rev'd on other grounds, State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F.3d 1311 (11th Cir. 2014).

admiralty and maritime claim."); *Zurich Ins. Co. v. Banana Servs., Inc.*, No. 84-1508, 1984 WL 1888, at *1 (S.D. Fla. Nov. 26, 1984) ("Where a plaintiff has denominated its claim as an admiralty and maritime claim under Rule 9(h), Fed. R. Civ. P., as Plaintiff has here, there is normally no right of the defendant to have a jury trial on any issue.").

### III. CONCLUSION

Because Vinardell's second claim is premature under Florida case law, and its third claim barred by Florida statute, the Court dismisses those claims. As for Vinardell's demand for a jury trial, none exists as National Union has elected to proceed by way of Rule 9(h).

DONE AND ORDERED in Chambers at Miami, Florida, this _28_ of March 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record